McGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | 2:18-CV-00773-KJM-CKD |
|---|---|
| Plaintiff, | |
| v. | STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER |
| REAL PROPERTY LOCATED AT 653 MAIN AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 226-0240-037-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 8656 DAIMLER WAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 115-0680-059-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 12660 SHARON BEE LANE, HERALD, CALIFORNIA, SACRAMENTO COUNTY, APN: 152-0130-057-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 22698 N. SOWLES ROAD, ACAMPO, CALIFORNIA, SAN JOAQUIN COUNTY, APN: 007-370-09-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |

1

| | |
|---|---|
| 1 | REAL PROPERTY LOCATED AT 23900 N. BRYANT ROAD, ACAMPO, CALIFORNIA, SAN JOAQUIN COUNTY, APN: 007-070-470-000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| | REAL PROPERTY LOCATED AT 4700 BLOSSOM RANCH DRIVE, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-1060-066-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and |
| | REAL PROPERTY LOCATED AT 7211 OVAR COURT, ELK GROVE, CALIFORNIA, SACRAMENTO COUNTY, APN: 132-1240-062-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| | Defendants. |

The United States and Claimants Alan R. Zheng, Socotra Fund, LLC, Kingston Wu, Xiuyun Liu, Jocelyn H. Yu, Neal L. Horn, M.D., Dong Hai Lin, Ge Gao, Jing Shen Jiang, Wen Hui Lin and Jiang Nai Yi, through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action and request that the Court enter an order staying all further proceedings until the resolution of the related criminal cases, United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM, and ongoing criminal investigation into marijuana grows at the defendant properties.

1. This is a forfeiture *in rem* action against seven properties pursuant to 21 U.S.C. § 881(a)(7) because they were allegedly used and intended to be used to commit or facilitate violations of federal drug laws:

   a. Real Property located at 653 Main Avenue in Sacramento, California, the "*Defendant Main Avenue.*" Alan R. Zheng has filed a claim asserting an ownership interest in defendant Main Avenue. Lantzman HVHC Inc./JTA, LLC filed claims asserting lienholder interests in defendant Main Avenue. This property was sold and the proceeds were used to satisfy Lantzman HVHC Inc./JTA, LLC's loan.[1]

   b. Real Property located at 8656 Daimler Way, Sacramento in California, the "*Defendant Daimler Way.*" Ge Gao has filed a claim asserting an ownership interest in defendant

---

[1] Accordingly, Lantzman HVHC Inc./JTA, LLC no longer have an interest in Defendant Main Avenue.

Daimler Way. Socotra Fund, LLC filed a claim asserting a lienholder interest in defendant Daimler Way.

c. Real Property located at 12660 Sharon Bee Lane in Herald, California, the "*Defendant Sharon Bee Lane.*" Xiuyun Liu has filed a claim asserting an ownership interest in defendant Sharon Bee Lane. Kingston Wu filed a claim asserting a lienholder interest in defendant Sharon Bee Lane.

d. Real Property located at 22698 N. Sowles Road in Acampo, California, the "*Defendant N. Sowles Road.*" Jocelyn H. Yu has filed a claim asserting an ownership interest in defendant N. Sowles Road. Neal L. Horn, M.D. filed a claim asserting a lienholder interest in defendant N. Sowles Road.

e. Real Property located at 23900 N. Bryant Road in Acampo, California, the "*Defendant N. Bryant Road.*" Dong Hai Lin filed a claim asserting an ownership interest in defendant N. Bryant Road. No other party has filed a claim asserting an interest in defendant N. Bryant Road.

f. Real Property located at 4700 Blossom Ranch Drive in Elk Grove, California, the "*Defendant Blossom Ranch Drive.*" Jiang Nai Yi filed a claim asserting an ownership interest in defendant Blossom Ranch Drive. No other party has filed a claim asserting an interest in defendant Blossom Ranch Drive.

g. Real Property located at 7211 Ovar Court in Elk Grove, California, the "*Defendant Ovar Court.*" Wen Hui Lin has filed a claim asserting an ownership interest in defendant Ovar Court. Jing Shen Jiang filed a claim asserting an ownership interest in defendant Ovar Court.

3. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1), 981(g)(2), and 21 U.S.C. § 881(i). The United States contends that the defendant properties were used and intended to be used to commit or facilitate violations of federal drug laws in violation of 21 U.S.C. §§ 841 *et seq*. Claimants deny these allegations.

4. To date, several individuals have been charged with federal crimes related to marijuana manufacturing and distribution in two related cases, United States v. Leonard Yang, et al., Case 2:16-CR-00189-KJM and United States v. Xiu Ping Li, et al., Case No. 2:17-CR-00136-KJM, and the investigation continues concerning the marijuana grows at the defendant properties. It is the United States' position that the statute of limitations has not expired on potential criminal charges relating to the drug trafficking involving the defendant properties. Nevertheless, the United States intends to depose claimants (and others) regarding their ownership of the defendant properties, as well as their knowledge and participation in large scale marijuana cultivation, including the marijuana grow at the defendant

properties, as well as the circumstances behind the purchase of the properties. If discovery proceeds at this time, claimants will be placed in the difficult position of either invoking their Fifth Amendment rights against self-incrimination and losing the ability to pursue their claims to the defendant properties, or waiving their Fifth Amendment rights and submitting to a deposition and potentially incriminating themselves. If they invoke their Fifth Amendment rights, the United States will be deprived of the ability to explore the factual basis for the claims they filed with this court.

5. In addition, claimants intend to depose, among others, the agents involved with this investigation, including but not limited to, the agents with the Drug Enforcement Administration ("DEA") and Internal Revenue Service ("IRS"). Allowing depositions of the law enforcement officers at this time would adversely impact the federal prosecution and ongoing investigation.

6. The parties recognize that proceeding with these actions at this time has potential adverse effects on the investigation of the underlying criminal conduct and/or upon the claimant's ability to assert any defenses to forfeiture. For these reasons, the parties jointly request that these matters be stayed until the conclusion of the related criminal cases. At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

7. If any of the defendant properties go into default, the parties reserve the right to seek all avenues of redress to preserve the real properties, including filing a motion for interlocutory sale or seeking a receiver appointment to collect rents and maintain the properties.

Dated: 7/27/2018  
McGREGOR W. SCOTT  
United States Attorney  

By: /s/ Kevin C. Khasigian  
KEVIN C. KHASIGIAN  
Assistant U.S. Attorney  

Dated: 7/31/18  
/s/ Ernest Chen  
ERNEST CHEN  
Attorney for Claimant Alan R. Zheng  
(Authorized by email)  

Dated: 7/30/18  
/s/ J. Patrick McCarthy  
J. PATRICK McCARTHY  
Attorneys for Claimant Xiuyun Liu and Jocelyn H. Yu  
(Authorized by email)

Dated: 8/1/18                                /s/ Larissa A. Branes
                                             LARISSA A. BRANES
                                             Attorney for Claimant Socotra Fund, LLC
                                             (Authorized by email)

Dated: 8/1/18                                /s/ Edward Singer
                                             EDWARD SINGER
                                             Attorney for Kingston Wu
                                             (Authorized by email)

Dated: 8/1/18                                /s/ Edward Weber
                                             EDWARD WEBER
                                             Attorney for Neal L. Horn, M.D.
                                             (Authorized by email)

Dated: 7/31/18                               /s/ Samuel D. Berns
                                             SAMUEL D. BERNS
                                             Attorney for Dong Hai Lin
                                             (Signature retained by attorney)

Dated: 7/31/18                               /s/ Linda M. Parisi
                                             Linda M. Parisi
                                             Attorney for Claimants Ge Gao, Jiang Nai Yi,
                                             Jing Shen Jiang, and Wen Hui Lin
                                             (Authorized by email)

**ORDER**

For the reasons set forth above, this matter is stayed under 18 U.S.C. §§ 981(g)(1), 981(g)(2) and 21 U.S.C. § 881(i) until the resolution of companion criminal cases. The parties shall file a joint status report within 30 days of the conclusion of the parallel criminal cases, or as the court deems appropriate.

IT IS SO ORDERED.

DATED:  August 6, 2018.

_____
UNITED STATES DISTRICT JUDGE

5
Stipulation to Stay Further Proceedings and Order